08-0572-cr
United States v. Cahill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:  JOHN M. WALKER, JR.,
          JOSEPH M. McLAUGHLIN,
          REENA RAGGI,
                    *Circuit Judges.*
------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                        No. 08-0572-cr

SCOTT CAHILL,
                    *Defendant-Appellant.*
------------------------------------------------------------------

APPEARING FOR APPELLANT:     KIM P. BONSTROM, Bonstrom & Murphy, Shelter Island, New York.

APPEARING FOR APPELLEE:      RICHARD C. TARLOWE, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on February 1, 2008, is AFFIRMED.

Defendant Scott Cahill appeals from his conviction after a bench trial on one count of receiving and distributing child pornography, see 18 U.S.C. § 2252A(a)(2)(B), and one count of possessing child pornography, see id. § 2252A(a)(5)(B), on the ground that evidence obtained pursuant to an invalid search of his home should have been suppressed. Cahill also challenges his 168-month sentence, asserting that the district court failed properly to consider a pre-sentence report and the sentencing factors set forth in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. The Search Warrant

Cahill argues that the warrant authorizing the search of his home was invalid because the supporting affidavit omitted material information. See Franks v. Delaware, 438 U.S. 154 (1978). Specifically, Cahill asserts that the affidavit's failure to mention an exterior staircase leading to a second-floor entrance to the house to be searched obscured the existence of two separate residences. Cahill submits that disclosure of the staircase would have precluded a finding of probable cause to search the entire house. We are not persuaded.

We note first that Cahill's failure to raise a Franks challenge before the district court "operates as a waiver of the right to challenge the subsequent admission of evidence on that

2

ground." United States v. Klump, 536 F.3d 113, 120 (2d Cir. 2008) (internal quotation marks omitted). Even if Cahill could clear this hurdle, his challenge fails because he cannot demonstrate that "(1) the claimed inaccuracies or omissions [were] the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged . . . omissions were necessary to the issuing judge's probable cause finding." United States v. Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000) (internal quotation marks and alterations omitted) (describing standard for suppressing evidence under Franks v. Delaware, 438 U.S. at 171-72).

Cahill cannot demonstrate deliberate falsehood or reckless disregard for the truth because the information known by the agent at the time he submitted the affidavit firmly supported his conclusion that the house "appear[ed] to be a single-family dwelling." Aff. at 3; see United States v. Falso, 544 F.3d 110, 126 (2d Cir. 2008) ("If additional information – not mentioned in the affidavit – led the FBI to the qualified conclusion that 'it appear[ed]' that [defendant committed a particular act], it is hard to understand how the district court could have been misled . . . ." (emphasis in original)). Specifically, the house had a single mailbox and house number; one utility account, in the name of Cahill; and, according to a commercial database check, no associated addresses that might suggest multiple dwellings. Further, the agent had observed that the exterior staircase was accessible only from a fenced-in area. Indeed, Judge Robinson found that the house was, in fact, used as a single-family dwelling, just as the affidavit indicated. We detect no error, let alone clear error, in this finding, given record evidence that (1) the house had one address number, one driveway, and

3

one utility account; (2) the elevated entrance had no doorbell, intercom, or address number; (3) Cahill used an internal stairway to access a laundry room in the basement; (4) Cahill appeared at the downstairs entrance when law enforcement officials went to the home; and (5) Cahill interpreted his restriction to "home confinement" to allow access to the entire house. See In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 177, 198 (2nd Cir. 2008) ("When a defendant challenges the denial of a suppression motion, we review the district court's factual findings for clear error . . . ."). In light of the foregoing, we identify no deliberate falsehood or reckless disregard for the truth by the affiant.

We further conclude that the alleged omission was immaterial because the affidavit would have supported the district court's probable cause finding even if it had mentioned the exterior staircase. See United States v. Awadallah, 349 F.3d 42, 65 (2d Cir. 2003) ("If the corrected affidavit supports probable cause, the inaccuracies were not material to the probable cause determination and suppression is inappropriate.").

Accordingly, the district court properly declined to suppress evidence discovered in Cahill's home.

    2.    The Sentence

Cahill contends that the district court failed to consider adequately a pre-sentence report recommending a below-Guideline sentence of 120 months based on Cahill's alcohol addiction, immaturity, below-average intelligence, and anger-management problems. The argument is without merit. Judge Robinson explicitly referenced the pre-sentence report and its recommendation; indeed, he paraphrased sections of the report during the sentencing

4

hearing. The only plausible inference to be drawn from his statement that he read the recommendation with interest but "didn't understand it," Sent. Tr. at 21, is that he strongly disagreed with the recommended below-Guideline sentence.

Cahill's argument that the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) is similarly baseless. Judge Robinson's express listing of the relevant factors was sufficient to demonstrate that he considered them. See United States v. Brown, 514 F.3d 256, 264, 270 (2d Cir. 2008) (observing that sentencing judges are not required to employ "robotic incantations" or "any particular formula" to demonstrate consideration of § 3553(a) factors). Thus, we detect no error in the district court's sentence.

We have considered all of Cahill's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

5